OPINION
The Defendant-Appellant, Christopher C. Brown ("the appellant"), appeals the jury verdict finding him guilty of one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), carrying with it a firearm specification, and one count of having a weapon while under a disability, in violation of R.C. 2923.13(A)(2) and (3). For the following reasons, we affirm the appellant's convictions.
The facts and procedural history of the case are as follows. On or about 2:00 a.m. on the morning of June 23, 1999, two masked men, one armed with a handgun, entered the Imperial Café, a bar located at the corner of Union Avenue and High Street in Lima, Ohio. Once inside the bar, the men demanded that the bartender, Gary Wilhem, open the cash register. Wilhem obeyed their demand and opened the register. At that time, one of the men struck Wilhem on the head with the handgun, causing it to fire a single shot into the ceiling. The suspects fled the tavern with approximately fifty-seven dollars in cash and four bottles of liquor. A surveillance camera located inside the bar captured the robbery on videotape.
In September 1999, the appellant was indicted on one count of aggravated robbery, carrying with it a firearm specification, and one count of having a weapon while under a disability. The appellant was tried before a jury which found him guilty of all charges listed in the indictment. The appellant was sentenced to a ten-year term of imprisonment for the offense of aggravated robbery, carrying with it a mandatory three year term of imprisonment for the firearm specification.[1] The appellant also was sentenced to a twelve-month term of imprisonment for having a weapon while under a disability.[2]
The appellant now appeals, asserting the following sole assignment of error.
ASSIGNMENT OF ERROR
 The verdict of guilty was against the manifest weight of the evidence. [sic]
 In his sole assignment of error, the appellant maintains that the verdicts rendered against him were against the manifest weight of the evidence. For the following reasons, we do not agree.
The proper standard to employ when considering the argument that a conviction was against the manifest weight of the evidence has been set forth as follows:
 The [appellate] court, [after] reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [fact-finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Thompkins (1997), 78 Ohio St.3d at 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain manifest weight arguments only in the most extraordinary cases. Thompkins, 78 Ohio St.3d at 387. After reviewing the evidence, we cannot say as a matter of law that the trier of fact clearly lost its way and created a manifest miscarriage of justice.
R.C. 2911.01, Ohio's aggravated robbery statute, provides, in pertinent part, as follows:
 (A) No person, in attempting or committing a theft offense * * * shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]
R.C. 2923.13, Ohio's having a weapon while under a disability statute, provides, in pertinent part, as follows:
 (A) Unless relieved from disability * * * no person shall knowingly * * * have, carry, or use any firearm * * * if any of the following apply:
* * *
 (2) The person is under indictment for or has been convicted of any felony offense of violence * * *.
 We must now determine whether the appellant's convictions for aggravated robbery, carrying with a firearm specification, and having a weapon while under a disability were against the manifest weight of the evidence.[3]
At trial, the State of Ohio introduced the testimony of Stephanie Green, the appellant's ex-girlfriend. Green testified that on the morning of the robbery the appellant had visited her home and had asked her if he could store four bottles of liquor in her apartment. Green also testified that the appellant had a "wad of money" in his possession.
Green further testified that later that evening she and her boyfriend had heard about the robbery, and that her boyfriend had become suspicious of the bottles of liquor the appellant had stored in the apartment. The following day Green asked the appellant whether he had committed the robbery. Green testified that the appellant had denied any involvement, but that he smiled and told her that he "knew who done it."
Green also testified that upon viewing a portion of the videotape depicting the robbery, she believed the appellant was one of the men that had committed the robbery. Green had also viewed a portion of the videotape recording which showed two men enter the bar and order drinks approximately an hour and half prior to the robbery. Green identified the appellant as one of the men that had entered the bar earlier in the evening.
The appellant's parole officer, Ed Lawson of the Ohio Department of Rehabilitation and Correction, viewed the videotape recording and also identified the appellant as one of the men that had entered the bar earlier in the evening. Officer Lawson testified that upon viewing the videotape portion of the robbery, he had recognized the appellant as the suspect that had held the handgun to the bartender's head, and that he had recognized the appellant from his voice, as well as other identifiable characteristics.[4] Officer Lawson also testified that at the time of the appellant's arrest, the appellant was on probation for attempted aggravated assault, a felony of the fifth degree. A judgment entry of conviction also was admitted into evidence.
Gary Wilhem, the bartender on duty at the time of the robbery, testified that the suspects fled the bar with fifty-seven dollars and several bottles of liquor. At trial, the State introduced into evidence the four bottles of liquor that were seized from Green's apartment. Wilhelm testified that the liquor bottles taken from Green's apartment were the same brands that were taken during the robbery. Wilhelm also testified that the bottles had similar pouring spouts, or stoppers, as the bottles that had been taken during the robbery.
Kenneth Whitney, a police identification officer with the Lima Police Department, testified that latent fingerprints belonging to Wilhem were found on two of the bottles recovered from Green's apartment. Whitney also testified that a latent fingerprint found on one of the bottles matched the appellant. Whitney further testified that a bullet recovered from the ceiling of the bar matched the size, weight, and appearance of bullets recovered from Green's apartment.
After a thorough review of the foregoing evidence, we cannot say as a matter of law that the trier of fact clearly lost its way and created a manifest miscarriage of justice as the evidence adduced at trial clearly supports the appellant's convictions. Thus, we cannot find the appellant's convictions against the manifest weight of the evidence. Accordingly, the appellant's assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the appellant's convictions.
Judgment affirmed.
 ______________________________ HADLEY, PRESIDING JUDGE
 WALTERS and BRYANT, JJ., concur.
[1] The three year term of imprisonment was ordered to run consecutively to the ten year term of imprisonment imposed for the conviction of aggravated robbery.
[2] The twelve month term of imprisonment also was ordered to run consecutively to the term of imprisonment imposed for the conviction of aggravated robbery.
[3] We also note that in order for a firearm specification to enhance the penalty for the crime, the State must prove beyond a reasonable doubt that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense. Thompkins (1990), 78 Ohio St.3d, at paragraph one of the syllabus.
[4] Officer Lawson testified at trial that he had initially viewed that portion of the videotape depicting the actual robbery, and then later viewed that portion of the videotape depicting the men order drinks from the bartender.